IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HENRY D. FULLER                                                                                         PLAINTIFF

VS.                                                                     CIVIL ACTION NO. 3:20-CV-828 HTW-LGI

MY BROTHER'S KEEPER, INC.                                                                     DEFENDANT

**ORDER**

      Before this court is the motion [doc. no. 20] of the Defendant My Brother's Keeper, Inc., to strike, or, alternatively, to seal ecf documents 19-2 and 19-3.  Plaintiff Henry T. Fuller, proceeding pro se,  filed these two documents as exhibits to his motion for additional time to file a Response in Opposition to Defendant's Motion to Dismiss.  Although this court granted to Plaintiff twenty additional days to file his brief in response, Plaintiff did not do so.  Defendant filed its motion to strike or seal the documents on August 23, 2021.  Pro se plaintiff, Henry T. Fuller, has not filed a response.

      Defendant first asks this court to strike the above two documents from the record as procedurally improper, scandalous, immaterial and impertinent. With respect to document 19-3, Defendant says it is also beyond the scope of Defendant's Motion to Dismiss.  Defendants claim that these documents also contain material that is immaterial to Plaintiff's Title VII claim.  This court has the authority to strike these filings under Rule 12(f)[1] of the Federal Rules of Civil Procedure, and based on its inherent power to manage its own docket.  *In re Stone*, 986 F.2d

---

[1] Rule 12(f) provides as follows:
Motion to Strike.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
(1) a on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.
Fed. R. Civ. P. 12(f).

1

898, 903 (5th Cir. 1993).   See also *Ready Transp. Inc., v. AAR Mfg. Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Federal courts, however, generally disfavor motions to strike.  See *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards,* 677 F.2d 1045, 1057 (5th Cir. 1982);  *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

At this early stage of the litigation, this court cannot be certain that the matters sought to be stricken "could have no possible bearing on the subject matter of the litigation," as discussed in *Colaprico, supra*.  Plaintiff's Complaint, a Title VII lawsuit for discrimination, alleges, *inter alia*, that he was subjected to a hostile working environment, an allegation which potentially encompasses a broad range of matters.  This court also cannot be certain at this point in the litigation, that the allegedly defamatory information contained in the documents is, in fact, false.   For the reasons stated, that portion of Defendant's motion that asks this court to strike documents 19-2 and 19-3 is denied.

This court, however, will place documents 19-2 and 19-3 under seal, at least temporarily.  This court will place the documents under seal from public access only, pursuant to Rule 79(e)(3)((B)(2) of the Local Uniform Civil Rules of the Northern  and Southern Districts of Mississippi.   These documents will remain available to the litigants. The parties and their counsel, however, are ordered not to disclose the information contained therein to any other parties.

This court is mindful that the public has a common law right to inspect and copy judicial records, and that public access to judicial records helps to promote trust in the

judicial process. *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993). Therefore, when considering whether to exclude court documents from public access, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id,; Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir.1981). *Equal Emp. Opportunity Comm'n v. Halliburton Energy Servs.*, No. 316CV00233CWRFKB, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018).

The public's common law right is not absolute, however. *Nixon,* 435 U.S. at 598, 98 S.Ct. at 1312; see *Belo,* 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon,* 435 U.S. at 598. See also *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). Documents 19-2 and 19-3 contain allegations, the disclosure of which could prove potentially injurious to Defendant's reputation, and which are disputed by Defendant.

This court has considered the interest of the public, and this court is persuaded that there are clear and compelling reasons that justify sealing these documents at this point. See *Equal Emp. Opportunity Comm'n v. Halliburton Energy Servs.*, No. 316CV00233CWRFKB, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018) and L. U. Civ. R. 79(b). [2] This court will periodically review the matter to assess whether the documents should remain sealed.

---

[2] (b) Documents Filed With the Court. . . . No document may be filed under seal, except upon entry of an order of the court either acting sua sponte or specifically granting a request to seal that document. Any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. . . .
L. U. Civ. R. 79(b).

3

Defendant's Motion to Strike or, Alternatively, to Seal **[doc. no. 20],** is hereby **granted in part and denied in part**. This court denies the motion to strike and grants the motion to seal documents 19-2 and 19-3 from public access on a temporary basis.  This court has previously entered its Order [doc. no. 23] requiring Plaintiff to respond to Defendant's request to seal these documents. Upon receipt of that response, this court will revisit this issue, and will periodically revisit the matter as the case progresses.  Meanwhile the documents will remain sealed (restricted to case participants only) until further order of this court, and the parties and their counsel are prohibited from disclosing the documents to any other party.  The Clerk of Court is directed to restrict from public access, ecf documents 19-2 and 19-3.

SO ORDERED AND ADJUDGED, this the 24th day of November, 2021.

                                                s/HENRY T. WINGATE
                                                UNITED STATES DISTRICT JUDGE